UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

        Plaintiff,

  v.                              Case No. 22-cv-1153-pp

JENNIFER MCDERMOTT,
WILLIAM POLLARD, CAPT. CAMPBELL,
JOHN DOE, *sued as 1st Shift Sgt. on 10-23-2018*,
JOHN/JANE DOE, *sued as TLU Property Officer*
and JOHN/JANE DOES, *sued as Segregation Staff*,

        Defendants.

---

### ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT

---

      Plaintiff Jonathon M. Mark, who is representing himself, has filed a complaint alleging that the defendants violated his constitutional rights when he was incarcerated in a Wisconsin Department of Corrections institution.[1] Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order resolves that motion and screens the complaint.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which

---

[1] The plaintiff was not incarcerated when he filed this case, and currently is not incarcerated.

1

relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is employed and earns about $1,200 per month, that he has about $605 in monthly expenses, that he owns a vehicle (1996 Jeep Cherokee) worth about $500, that his checks (presumably, his paychecks) are garnished at 20% and that he is currently homeless. Dkt. No. 2. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee. The court will grant the motion for leave to proceed without prepaying the filing fee.

**II.     Screening of Complaint**

    A.     Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes complaints filed by unrepresented litigants liberally and hold them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Plaintiff's Allegations

The plaintiff was incarcerated at the Kettle Moraine Correctional Institution during the events that give rise to the complaint, and he sues the following defendants who worked there: Jennifer McDermott, William Pollard, Captain Campbell, John Doe 1st Shift Sgt. on 10-23-2018, John/Jane Doe TLU Property Officer and John/Jane Does Segregation Staff. Dkt. No. 1 at 1-3.

The plaintiff alleges that on November 5, 2018, the defendants denied him the ability to file a writ of *certiorari* challenging a previous conduct report by withholding his legal materials from him, which he says violated his "due process and access to the courts." Id. at 3 at ¶1. The plaintiff also alleges that between October 1 and November 5, 2018, the defendants conspired to violate his rights by withholding his legal materials so that he would miss the statutory filing deadline on November 5, 2018, even though he provided verbal and/or written notice to the defendants before the deadline. Id. at 3-4 ¶2. For relief, the plaintiff seeks monetary damages and injunctive relief. Id. at 5.

C. <u>Analysis</u>

Incarcerated persons have a due process right to access to the courts and must be given a reasonably adequate opportunity to present their claims. <u>Bounds v. Smith</u>, 430 U.S. 817, 825 (1977). Prison officials may be liable for a deprivation of this right if they intentionally take or destroy an incarcerated person's legal papers. <u>Gregory v. Nunn</u>, 895 F.2d 413, 415 (7th Cir. 1990) (citation omitted). To state an access-to-the-courts claim, a plaintiff must allege that the alleged interference caused actual injury:

> The requirement that prisoners making access-to-courts claims allege specific prejudice should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.

<u>Marshall v. Knight</u>, 445 F.3d 965, 968 (7th Cir. 2006). The complaint must "'allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit,' and . . . place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense." <u>Pratt v. Tarr</u>, 464 F.3d 730, 733 (7th Cir. 2006) (quoting <u>Ryan v. Mary Immaculate Queen Ctr.</u>, 188 F.3d 857, 860 (7th Cir. 1999)). The plaintiff may proceed on an access to the courts claim against the defendants based on his allegations that they withheld his legal materials, which prevented him from filing a writ a *certiorari* regarding a conduct report.

The plaintiff may not proceed separately on a due process claim, however, because he has not alleged facts challenging the process he was afforded in a prison disciplinary process. And the plaintiff has not stated a separate claim that the defendants conspired to violate his right of access to

4

the courts. See Ryan,188 F.3d at 860; Alarm Detection Sys., Inc. v. Vill. of Schaumburg, 930 F.3d 812, 827 (7th Cir. 2019). Even if the plaintiff had stated facts supporting a claim that the defendants conspired to violate his right to access to the courts, that claim would add nothing to the case because the defendants are state actors, the plaintiff has alleged that each defendant independently violated his rights and conspiracy is not an independent basis of liability in §1983 actions. See Smith v. Gomez, 550 F.3d 613, 617 (7th Cir. 2008).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that the plaintiff must pay the $350 filing fee as he is able.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants McDermott, Pollard and Campbell. Under the informal service agreement, the court **ORDERS** these defendants to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions. The plaintiff will need to use discovery to identify the Doe defendants.

The court **ORDERS** that the plaintiff must send or deliver the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 6th day of December, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**